# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES AND DAPHNE BATES HARRISON, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF HIJI EUGENE HARRISON, AND AS NEXT FRIEND OF HIJI EUGENE HARRISON, JR., A MINOR, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3576 |
| HARRIS COUNTY SHERIFF'S DEPARTMENT AND WILLIAM WILKINSON, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court in this civil rights case is a Motion to Intervene [Doc. # 38] filed by Michelle Pickens, Individually, as Representative of the Estate of Nehemiah Pickens, and as Next Friend of Nehemesheia Pickens and Rayveonia Pickens, minor children ("Pickens"). Defendants Harris County Sheriff's Department and William Wilkinson (collectively, "Defendants") have filed a Response [Doc. # 40] and a Motion to Strike Intervention [Doc. # 41]. This matter is ripe for

adjudication. Defendants have also filed a Motion for a Protective Order [Doc. # 48]. Having considered the parties' submissions and the applicable legal authorities, the Court concludes that Pickens's Motion to Intervene should be **denied.**  Thus, Defendants' Motion to Strike and Motion for a Protective order are **denied as moot.**

## I.  BACKGROUND

On May 14, 2004 at approximately 1:20 a.m., Harris County Deputy Sheriff William Wilkinson ("Wilkinson") stopped a vehicle driven by Hiji Harrison ("Harrison"). The sequence of events that followed is hotly contested, but the parties agree that it ended with Wilkinson shooting and killing Harrison. The Internal Affairs Department ("IAD") of the Harris County Sheriff's Department ("HCSD") determined that Wilkinson did not breach any policy, practice, or procedure. Plaintiffs, Harrison's mother, wife, and minor child, brought this lawsuit against Defendants pursuant to 42 U.S.C. §§ 1983, 1988, alleging violations of Harrison's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as wrongful death claims pursuant to § 71.001 *et seq.* of the Texas Civil Practice and Remedies Code. *See* Plaintiffs' Original Complaint, at 1-2, 5.

Pickens alleges in her Complaint in Intervention that on July 5, 2005 (over a year after the shooting of Harrison), Nehemiah Pickens ("Nehemiah") was shot to

death by one or more unidentified HCSD deputies. Nehemiah, a volunteer law enforcement officer, was shot from behind. Nehemiah's widow, Michelle Pickens, on behalf of herself, Nehemiah, and their children, seeks to intervene in the Plaintiffs' lawsuit. *See* Complaint in Intervention, at 3-4.

## II.  **INTERVENTION OF RIGHT**

Pickens moves to intervene in Plaintiffs' lawsuit, asserting that the two actions contain common issues of law and fact, and that both complaints allege a lack of training, hiring, supervision, or other deficits within HCSD, leading to the shootings of Harrison and Nehemiah. *See* Intervenors' Memorandum, at 2. Thus, Pickens contends, Nehmiah's shooting will be part of Plaintiffs' § 1983 proof (and Harrison's shooting will be part of Pickens' § 1983 proof) that HDSD's policies, customs, practices, and/or procedures led to constitutional injury. *See Monell v. Dep't of Social Services,* 436 U.S. 658 (1978); Intervenors' Memorandum, at 2.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a party is entitled to an intervention of right when "(1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the

potential intervener's interest." *John Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (citing *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001)); *see also* FED. R. CIV. P. 24(a)(2); *Graham v. Evangeline Parish Sch. Bd.,* 132 Fed. Appx. 507, 511 (5th Cir. 2005); *Trans Chem. Ltd. v. China Nat'l Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). Each requirement must be satisfied in order for an intervention of right to be successful. *See Graham,* 132 Fed. Appx. at 511. The Fifth Circuit recently stated:

> To meet the second requirement for Rule 24(a)(2) intervention, a potential intervenor must demonstrate that he has an interest that is related to the property or transaction that forms the basis of the controversy. Not any interest, however, is sufficient; the interest must be "direct, substantial, [and] legally protectable." We have explained that "the interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant."

*Saldano,* 363 F.3d at 551 (quoting *Doe,* 256 F.3d at 375 and *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir. 1984) (*en banc*)) (emphasis in original). Thus, "[i]n order to show entitlement to intervention of right . . . [an intervenor] must demonstrate an interest in the subject matter of [the] action and that its disposition may realistically impair that interest." *United States v. Texas Eastern Transmission Corp.,* 923 F.2d 410, 413 (5th Cir. 1991). The Fifth Circuit has made clear that "the applicant's interest relating to the subject of the action must be 'direct and substantial' and must be 'something more than an economic interest.'"

*Trans Chem. Ltd.*, 332 F.3d at 822 (citing *New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir. 1984) (*en banc*)).

Pickens has not demonstrated – and cannot demonstrate – that disposition of this case may realistically impair her interest. Plaintiffs' lawsuit arises out of Harrison's shooting death on May 16, 2004. Pickens' allegations arise out of her Nehemiah's shooting death on July 5, 2005. Thus, Pickens has no "interest relating to the property or transaction" that is the basis of this lawsuit. The Court will not allow intervention of right merely because Defendants are the same in both suits and some of the arguments will be identical. Pickens is free to bring her own lawsuit, and nothing decided in this case will operate to estop her from fully pressing his claims.

## III.   PERMISSIVE INTERVENTION

In the alternative, Pickens seeks permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Rule 24(b)(2) provides for permissive intervention at the discretion of the district court when intervention of right is not appropriate. *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (*per curiam*). Intervention is permissible "when: (1) the motion is timely; (2) a statute of the United States confers a conditional right to intervene; or (3) the movants' claim or defense and the main action have a question of law or fact in common." *Graham,* 132 Fed.

Appx. at 513 (citations omitted). "[A] district court may deny permissive intervention if such would unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* at 514 (citations omitted). Permissive intervention is "'wholly discretionary with the [district] court." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (*en banc*) (quoted with approval in *United States v. Texas Eastern Transmission Corp.*, 923 F.2d at 416).

The Court is persuaded that intervention by Pickens at this time is inappropriate. As noted above, the alleged facts of the Pickens incident are entirely separate from those involved in the case at bar, and occurred over a year after Plaintiffs' decedent's incident. Plaintiffs filed this case in September 2004, and discovery is to be completed in November, only three months from now. Fact discovery is largely complete, and experts are to be designated shortly (after one postponement of the original deadlines imposed by the Court).[1] Ms. Pickens' claim has not been the focus of discovery and to permit intervention now would open

---

[1] The Court notes that the motions deadline in this case is September 26, 2005, which inappropriately precedes the close of discovery. The Court will issue an amended docket control order to adjust that date (and possibly the succeeding dates) in the original schedule.

Defendants up to belated extensive new requests.[2]  Indeed, HCSD likely has not even conducted its Internal Affairs Department investigation.

The mere fact that a person asserts a § 1983 excessive force claim against HCSD based on a shooting death does not, by itself, constitute grounds for permissive intervention in another § 1983 shooting death case.  Although the combination of incidents may give rise to potential claims of a custom, policy or practice by HCSD for use of excessive force, or for lack of training or supervision (especially as to the 2005 claim Pickens seeks to assert in light of prior complaints), and thus Pickens' claims could conceivably share common issues of law and fact with Plaintiffs' claims, the Court is unpersuaded that intervention at this late stage of Plaintiffs' case is warranted.[3]  Rather than furthering judicial economy, the intervention device would render the lawsuit "fruitlessly complex or unending."  *Texas Eastern Transmission,* 923 F.2d at 412.  Although there is at least one common issue of law and fact between Plaintiffs' and Pickens's claims, the claims also contain factual distinctions.  The Court declines to exercise its discretion to grant permissive intervention.

---

[2]  The Court has not determined whether the Pickens (or any other) incident would be admissible in evidence, *cf.* FED. R. EV. 404(b).  The parties will need to brief the matter in *limine* motions to be filed with the Joint Pretrial Order.

[3]  There is no logical endpoint to potential intervenors who might assert arguments similar to Pickens', given the nature of the § 1983 claims in this case.  Indeed, one other such motion arising from a 2003 incident was filed in this suit.  *See* Motion to Intervene [Doc. # 36].  The need to address evidentiary issues these incidents raise does not justify intervention by another complainant at this time.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Pickens' Motion to Intervene should be denied. Defendants' Motion to Strike Intervention and Defendants' Motion for a Protective Order are moot. It is therefore

**ORDERED** that Pickens' Motion to Intervene [Doc. # 38] is **DENIED.** It is further

**ORDERED** that Defendants' Motion to Strike Intervention [Doc. # 41] is **DENIED as moot.** It is further

**ORDERED** that Defendants' Motion for a Protective Order [Doc. # 48] is **DENIED as moot.**

SIGNED at Houston, Texas this 9th day of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge