IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3576 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT AND WILLIAM | § | |
| WILKINSON, | § | |
|     Defendants. | § | |

## ORDER

Defendant William Wilkinson filed a Motion to Quash [Doc. #132] and Supplemental Emergency Motion to Quash [Doc. #133] (collectively, "Motions to Quash") seeking to quash Plaintiffs' Subpoena ("Subpoena") served on James W. Dickie, Jr.[1] Dickie is a social worker who counseled Wilkinson after two shootings in which Wilkinson was involved in May 2004. The Subpoena demands, in part, inspection and copying of Dickie's treatment and counseling records concerning Wilkinson. The Subpoena also demands a deposition of Dickie. In the Motions to Quash, Wilkinson contends the records and deposition testimony sought in the Subpoena are privileged under the psychotherapist-patient privilege as explained in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and Federal Rule of Evidence 501. The authorities cited by Wilkinson appear to be directly on point. It is therefore

---

[1] The Subpoena is attached as Exhibit A to the Motion to Quash.

**ORDERED** that Plaintiffs' Subpoena is hereby stayed pending rulings on Defendant William Wilkinson's Motions to Quash [Docs. #132 and #133]. It is further

**ORDERED** that Plaintiffs shall file their response in opposition to Defendant Wilkinson's Motions to Quash, with a courtesy copy to Chambers, by **12:00 noon on January 25, 2006.**

SIGNED at Houston, Texas, this **24th** day of **January 2006**.

_____
Nancy F. Atlas
United States District Judge