IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3576 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
|     Defendants. | § | |

## **ORDER**

Pending before the Court in this civil rights case is Defendants Harris County Sheriff Department and William Wilkinson's Joint Objections and Motion to Strike and Seal Plaintiffs' Second Amended Complaint [Doc. # 170] to which Plaintiffs have filed a response in opposition [Doc. # 176]. The Court has also reviewed Plaintiffs' Response to the Motion for Summary Judgment [Doc. # 174] filed by Defendant Harris County Sheriff's Department ("HCSD"). After considering all matters of record and the applicable legal authorities, the Court holds Plaintiffs' Second Amended Complaint [Doc. # 167] should be stricken in its entirety. The Court directs the Clerk to seal Plaintiffs' Second Amended Complaint. Further, the Court finds that HCSD's Motion for Summary Judgment [Doc. # 152] is moot.

On January 30, 2006, Plaintiffs filed their First Amended Complaint [Doc. # 143]. In a hearing before the Court on February 16, 2006, the Court struck and sealed Plaintiffs' First Amended Complaint because it contained inflammatory allegations and Texas state

claims that were futile or untimely under the Court's docket control order as amended several times.[1] The Court then directed Plaintiffs to file an amended complaint that satisfied the notice pleading requirements under the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 8(a), and eliminated the unnecessary and inflammatory allegations.

Plaintiffs filed their Second Amended Complaint on February 23, 2006. Plaintiffs inexplicably have wholly ignored Rule 8 and defied the Court's directive. Rule 8(a) provides that the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(e)(1) provides that the averments in a Complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Despite the Court's explicit order, Plaintiffs' Second Amended Complaint is replete with inflammatory allegations and impassioned arguments typically directed to a jury. The Court therefore strikes, and orders the Clerk to seal, Plaintiffs' Second Amended Complaint.

Plaintiffs must file a final amended pleading by March 13, 2006. The amended pleading must be a "***short and plain statement of the claim***." *See* FED. R. CIV. P. 8(a) (emphasis added). At this stage of the litigation, Defendants have been put on notice of Plaintiffs' contentions from the First and Second Amended Complaints.

The Court will not tolerate any further inflammatory allegations in Plaintiffs' pleadings. Plaintiffs' failure to comply with this Order will result in monetary or other sanctions.

---

[1] Minute Entry Order entered February 16, 2006 [Doc. # 165].

The HCSD filed its Motion for Summary Judgment on February 9, 2006. The HCSD argued that it was entitled to summary judgment because the HCSD is not a legal entity and therefore does not have capacity to sue or be sued. The HCSD's Motion for Summary Judgment was rendered moot by the Court's ruling in a hearing on February 16, 2006, granting Plaintiffs' request to substitute Harris County for the HCSD in Plaintiffs' amended pleadings. In the hearing, the Court notably permitted both parties to seek this relief. The HCSD's Motion for Summary Judgment therefore is moot. It is therefore

**ORDERED** that Defendants Harris County Sheriff Department and William Wilkinson's Joint Objections and Motion to Strike and Seal Plaintiffs' Second Amended Complaint [Doc. # 170] is **GRANTED**. The Court **STRIKES** Plaintiffs' Second Amended Complaint [Doc. # 167]. The Court directs the Clerk to **SEAL** Plaintiffs' Second Amended Complaint. It is further

**ORDERED** that the Motion for Summary Judgment [Doc. # 152] filed by the HCSD is **MOOT**. Harris County is substituted in place of the Harris County Sheriff's Department as Defendant in this case.

**SIGNED** this **8th** day of **March 2006.**

_____
Nancy F. Atlas
United States District Judge