# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3576 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
|     Defendants. | § | |

## ORDER REGARDING WILKINSON'S SUMMARY JUDGMENT MOTION

Pending before the Court is Defendant William Wilkinson's Motion for Summary Judgment filed May 18, 2006 [Doc. # 209] ("Wilkinson's Motion") seeking summary judgment dismissing Wilkinson from this case. The Court has considered the parties' arguments on each matter, as well as the applicable law and all matters of record in this case.

Plaintiffs have sued Defendant Wilkinson in his official capacity only. *See* Third Amended Complaint, ¶ 1.4. Wilkinson contends that his presence as a named party in this lawsuit is surplusage, citing long standing law that a judgment against a principal employee in his official capacity is by law a judgment against the municipality. *See Turner v. Houma Mun. Fire and Police Civil Serv.*, 229 F3d 478, 483 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Plaintiffs have responded that the law cited by Wilkinson "relates to a governmental entity indemnifying the governmental official." Plaintiffs' unfiled Letter to Frank Sanders, Counsel for Wilkinson, dated May 22, 2006, ¶ 2. Plaintiffs seek discovery of a "Harris County Commissioner's Court resolution and/or authority saying that Wilkinson's liability in this case will be indemnified by the County." *Id.* Plaintiffs state that upon receipt of this information, they "will be in a position to more appropriately address" Wilkinson's Motion. *Id.*

Plaintiffs' comments about Wilkinson's cited authority is not accurate. Most, if not all the appellate cases on which Wilkinson relies do not address indemnity at all. These cases simply mean in this case that Wilkinson has no personal liability for claims asserted against him in his official capacity. *See Skelton v. Camp*, 234 F.3d 292, 295 (5th Cir. 2000) ("State officials sued in their official capacities are not persons subject to suit under § 1983." (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989))); *Turner*, 239 F.3d at 483 ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. Accordingly, a § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability to the individual defendant." (internal citations and quotations omitted)); *see also Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("When a plaintiff sues a county or municipal official in her official capacity, the county or

municipality is liable for the resulting judgment. . . ."). Plaintiffs therefore have not established why discovery into indemnity obligations or commitments by Harris County to Wilkinson, if any, are discoverable or why Wilkinson should remain a party defendant in this case. Plaintiffs shall respond to Wilkinson's Motion on or before June 7, 2006, if Plaintiffs intend to persist in objecting to dismissal of Wilkinson as a nominal party. Plaintiffs shall notify the Court on or before June 7, 2006, of any legally viable objections they have to dismissal of Wilkinson from this suit.

It is **SO ORDERED.**

**SIGNED** at Houston, Texas on this **26th** day of **May, 2006.**

_____
Nancy F. Atlas
United States District Judge