IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3576 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
|     Defendants. | § | |

## ORDER REGARDING DEPOSITION OF SHERIFF THOMAS

Pending before the Court is Defendant Harris County, Texas' "Emergency Motion for Protective Order" [Doc. # 211] ("Defendant's Motion"), formally memorializing objections posed to the Court by letter dated May 18, 2006, concerning Plaintiffs' deposition notice dated May 8, 2006, for the deposition of Harris County Sheriff Tommy B. Thomas. Plaintiffs noticed the deposition for Memorial Day, Monday, May 29, 2006. Because Plaintiff has known for well more than twenty days about Defendant's strenuous objections to a deposition of Sheriff Thomas and because the discovery period—as repeatedly extended by the parties' agreement or by the Court—is almost over, the Court issues this ruling without waiting twenty days, and without a conference or oral argument. Having considered all matters of record and the applicable legal authorities, the Court concludes that Defendant's Motion should be

**granted without prejudice**.

Defendant Harris County ("Defendant") stated on the record at a hearing on March 14, 2006, as well as repeatedly in writing to Plaintiffs' counsel, that Sheriff Thomas is formally the final policy maker for Defendant concerning the Harris County Sheriff's Department's employee disciplinary matters, ***but*** that Sheriff Thomas is not in fact involved in and does not make or review decisions regarding disciplinary matters within the Department. Defendant's counsel has stated unequivocally to the Court and to Plaintiffs that Sheriff Thomas has delegated responsibility for all final disciplinary matters to the Harris County Chief Deputy Danny Billingsley. The Supreme Court has authorized municipal policy makers who have been granted authority by legislative enactment to delegate that authority to others in their municipal department. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986)). Defendant has offered Plaintiffs, at Plaintiffs' convenience, the deposition of Chief Deputy Billingsley to test counsel's representations and to obtain testimony on the subject. Plaintiffs inexplicably have declined to avail themselves to this opportunity. Instead, Plaintiffs insist on the deposition of Sheriff Thomas and have served the deposition notice from which Defendant seeks protection.

The time for Plaintiffs' response has not yet expired. However, the time before the deposition is short. The Court, on the current record, sees no need for a deposition

of Sheriff Thomas.  Accordingly, it is

ORDERED that Defendant's Motion for Protective Order [Doc. # 211] is **GRANTED without prejudice**.  It is further

ORDERED that *if* Plaintiffs in fact continue to desire the deposition of Sheriff Thomas and can present a persuasive legally viable need for that discovery, Plaintiffs may file a motion to compel the deposition of Sheriff Thomas (on a new date), which motion will be entertained by the Court on three (3) business days notice.  Plaintiffs shall file any such motion on or before **May 30, 2006.**

SIGNED at Houston, Texas on this **26th** day of **May, 2006.**

_____
Nancy F. Atlas
United States District Judge