IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN JAMES, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3576 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant William Wilkinson's Motion for Summary Judgment [Doc. # 209] ("Wilkinson's Motion") seeking summary judgment dismissing Wilkinson from this case. Plaintiffs have filed a Response [Doc. # 227]. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes that Wilkinson's Motion should be **granted**.

Plaintiffs have sued Defendant Wilkinson in his official capacity only. *See* Third Amended Complaint, ¶ 1.4. Wilkinson contends that his presence as a named party in this lawsuit is surplusage, citing longstanding law that a judgment against a principal employee in his official capacity is by law a judgment against the municipality. *See Turner v. Houma Mun. Fire and Police Civil Serv.*, 229 F3d 478, 483 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Plaintiffs do not dispute this proposition and have indicated they are not opposed to summary judgment dismissing

Wilkinson as a defendant in this case. *See* Plaintiffs' Response, ¶¶ 1.1, 1.3. The Court will therefore grant Wilkinson's Motion.

Wilkinson no longer works for Harris County, the only Defendant remaining in the lawsuit. Plaintiffs fear that Wilkinson's removal as a nominal defendant in this case increases the risk that he will fail to appear at trial as a witness. Plaintiffs thus request that the Court enter an order compelling Wilkinson's attendance at trial to ensure his attendance. *See* Response, ¶ 1.2. The Court is familiar with the factual allegations in this case. Briefly, while working as a Deputy for the Harris County Sheriff's Department on May 14, 2004, Wilkinson stopped a vehicle driven by Hiji Harrison. The details of the events that followed are hotly contested, but the parties agree that Wilkinson shot and killed Harrison. Plaintiffs are Harrison's mother, wife, and minor child. They allege, under 42 U.S.C. §§ 1983, 1988, that Harris County, in part through Wilkinson, violated Harrison's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Wilkinson is obviously a key witness for trial. The Court therefore will compel Wilkinson's attendance at trial. It is therefore

**ORDERED** that Defendant William Wilkinson's Motion for Summary Judgment [Doc. # 209] is **GRANTED.** There are no further claims pending against William

Wilkinson in this case.  The Court directs the District Clerk to **TERMINATE** William Wilkinson as a party defendant on the docket sheet.  It is further

**ORDERED** that William Wilkinson is hereby **COMPELLED** to appear at the trial of this case to testify when called by the parties.  It is further

**ORDERED** that William Wilkinson must **INFORM** the Court of any changes in his address or any of his phone numbers.

**SIGNED** at Houston, Texas, this **16th** day of **June, 2006.**

_____
Nancy F. Atlas
United States District Judge